IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CRAIG MASSEY, on behalf of himself and )
on behalf of all others similarly situated, )
                                                                                               )
       Plaintiffs, )
                                                                                              )
   v. ) Case No. 05-4106-CV-C-NKL
                                                                                            )
SHELTER LIFE INSURANCE )
COMPANY, )
                                                                                            )
      Defendant. )

**ORDER**

Pending before the Court is Defendant Shelter Life Insurance Company's Motion to Dismiss (Doc. 8). For the reasons stated below, the motion will be denied.

**I.    Background**

This case arises out of life insurance policies that Shelter issued to Massey and the putative class he seeks to represent. Massey claims that Shelter intentionally breached the life insurance policies when it increased its cost of insurance rates for reasons not allowed under the policies. Massey claims that the breach began in 1992 and continued until 1998. (Pl. Amended Complaint [Doc. 2], p. 3 ¶ 11.)

This is not the first time that these claims have been before the Court. On September 29, 2000, Massey filed a previous action in this Court against Shelter, making essentially the same allegations (Case No. 00-4174-CV-C). The Court ultimately

1

dismissed Massey's claims because the putative class members' claims could not be aggregated to meet the jurisdictional amount of $75,000.00 required in a diversity case. (Order, Case No. 00-4174-CV-C [Doc. 76].)

Massey then filed the same claims in the Circuit Court of Jackson County. However, when that court denied class certification, Massey filed a voluntary dismissal without prejudice of his claims. Massey filed the present action in this Court on April 6, 2005.

## II.    Discussion

### A.    Statute of Limitations

Shelter first argues that Massey's claim must be dismissed because it falls outside the five-year statute of limitations. Mo. Rev. Stat. § 516.120(1). Shelter points to Massey's assertion that the alleged breach began in 1992.

Massey responds that his damages were not capable of ascertainment until after April 6, 2000—five years prior to the filing of the instant case. If so, Massey's claims would fall within the following statutory exception to the statute of limitations:

> Civil actions . . . can only be commenced within the [limitations period], after the causes of action shall have accrued; provided, that . . . the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

Mo. Rev. Stat. § 516.100. Massey correctly points out that, since the pending motion is for dismissal and not for summary judgment, the Court must accept as true his assertion regarding the date his claims were capable of ascertainment.

Shelter responds that this Court need not consider whether Massey's claims were capable of ascertainment, because the state court has already decided that they were when it issued its order denying class certification. However, a close reading of the state court's order reveals that the court did not find that Massey's claims were capable of ascertainment. Indeed, that issue wasn't properly before the court at the time it issued its order. Rather, the court was concerned only with whether class certification would be appropriate given the fact that Massey's defenses regarding the statute of limitations would be atypical of the putative class. The court wrote as follows:

> [I]t is likely that Massey, a trained insurance agent, would be barred from representing any class, in light of the 5 year statute of limitations. With his awareness of the insurance industry generally and Defendant specifically, he cannot claim that he did not have the ability or knowledge to, at least, inquire, as to the reasons for the increase in the premiums paid for the insurance. . . .
> Here, Massey's superior knowledge of the insurance business is such that Defendant could reasonable [sic] argue that he had the expertise to analyze his annual statement and related information shortly after receipt of that information after the increase occurred in 1992, and that he should have inquired as to any reasons for any unexplained premium increases. Therefore, his failure to inquire about the increases would create statute of limitations defenses different from those typical class members.

*Massey v. Shelter Life Ins. Co.*, No. 01-CV-229955, slip op. at 5 (Aug. 29, 2003) (Attached as Ex. D to Doc. 8). Accordingly, the Court rejects Shelter's argument that the issue has already been decided by the state court. Massey is entitled to develop the record

regarding his knowledge of the insurance industry and his inability to ascertain the damages that he allegedly sustained.

### B. Collateral Estoppel

Shelter argues that because the state court issued an order denying class certification, the doctrine of collateral estoppel precludes Massey from seeking class certification in this Court.

To determine whether the state court's denial of class certification should be given preclusive effect, this Court must look to Missouri law. *See Butler v. City of North Little Rock, Ark.*, 980 F.2d 501, 503 (8th Cir. 1992) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982)).[1] Under Missouri law, collateral estoppel will not apply when the plaintiff dismissed the first suit without prejudice, because such a dismissal is not an adjudication on the merits. *See O'Reilly v. City of Hazelwood*, 850 S.W.2d 96, 98 (Mo. 1993) (en banc) ("Respondents assert a series of procedural bars to the current suit. First, respondents claim that the first suit on this issue constitutes either res judicata or collateral estoppel. This claim is without merit since the plaintiffs dismissed the first suit without prejudice."); *see also In re Marriage of Kohler*, 778 S.W.2d 19, 20 (Mo. Ct. App. 1989) ("In order to collaterally estop an action, the prior case must have resulted in a judgment on the merits. . . . Although a dismissal with prejudice is an adjudication on the

---

[1]The parties devote much of their briefing to discussing *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 218 (8th Cir. 1977). However, that case is not directly applicable because it involved the preclusive effect of an issue that had previously been decided by a *federal* court. As the Eighth Circuit's opinion in that case makes clear, the preclusive effect of federal decisions is determined under the Federal Rules of Civil Procedure and federal law.

4

merits; generally, the converse is also true—a dismissal without prejudice is not an adjudication on the merits.") (citations omitted).  Because Massey dismissed his state claims without prejudice, this Court rejects the Defendants' argument that Massey is collaterally estopped from pursuing class certification in this Court.

### C. Comity

Finally, the Defendants argue that this Court should dismiss this case on the basis of comity.  The Court declines to do so.  As the plain language of the Class Action Fairness Act reveals, Congress has determined that class action suits such as this one are most appropriately considered in federal courts.  S. 5, 109th Cong. § 2 (2005) (one of the three purposes of the Class action Fairness Act is to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.").

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant Shelter Life Insurance Company's Motion to Dismiss (Doc. 8) is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 15, 2005  
Jefferson City, Missouri