IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CRAIG MASSEY, on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHELTER LIFE INSURANCE CO.,<br><br>Defendant. | Case No. 05-4106-CV-C-NKL |

## ORDER

Pending before the Court is Plaintiff Craig Massey's ("Massey") Consent Motion for Order Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Directing Distribution Of Class Notice, Setting Hearing For Final Approval Of Class Action Settlement And Appointing Class Counsel [Doc. # 83].

The parties to this litigation have entered into a Class Action Settlement Agreement and Release dated April 14, 2006 ("Settlement Agreement"), to settle the above-captioned putative class action in its entirety. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement.

The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and this case dismissed.

1

IT IS HEREBY ORDERED that:

1.    For purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies that this action may proceed as a class action on behalf of a Settlement Class consisting of:

> All past and present Policyholders, wherever they may be, of Shelter Life Insurance Company or its agents and subsidiaries, who purchased, or were actual and/or named beneficiaries who were actually paid an Option B death benefit, of a Shelter Life Insurance Company Flexible Premium Adjustable Life Insurance Policy purchased prior to and including December 31, 1991 and whose Cost Of Insurance portion of their premium was increased on or after January 1, 1992. It shall further include all such persons' spouses, representatives, heirs, administrators, executors, beneficiaries, conservators, and assigns, as applicable and without limitation.
>
> Specifically excluded from the Settlement Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses, (b) all persons who elect to exclude themselves from the Settlement Class, and (c) all persons who have previously executed and delivered to Shelter releases of their claims.

2.    The Court hereby appoints Plaintiff Craig A. Massey to serve as the class representative, and Robert Horn and Joseph Kronawitter of the law firm Horn Aylward & Bandy, LLC, 2600 Grand Blvd., Kansas City, MO 64108; Larry Sackey of the Law Offices of Larry Sackey, 11500 W. Olympic Blvd., Los Angeles, CA 90064; and Greg Hafif of the Law Offices of Herbert Hafif, APC, 269 W. Bonita Ave., Claremont, CA 91711, to serve as Class Counsel.

3    The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, and hereby certifies a settlement class as defined

above. The Court specifically finds that the Settlement Class consists of many thousands of persons distributed across thirteen States, and joinder of all the members of the Settlement Class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion. The Court further finds that the Named Plaintiff and his counsel have capably prosecuted the claims of this lawsuit. The Court finds no conflict between the Named Plaintiff or his counsel and the Settlement Class. Named Plaintiff and his counsel are adequate representatives for the Settlement Class. The Named Plaintiff is also typical of the Settlement Class. He is a member of the Settlement Class and is representative of the claims and defenses presented by the parties in this case. Commonality is also satisfied in this case for settlement purposes as a number of common issues exist among the members of the Settlement Class. Common issues predominate over individual issues in the context of settlement, and certification of an agreed-upon settlement class is a superior mechanism for resolving these claims.

4. The declaration that this litigation may be maintained for settlement purposes only as a class action and the appointment of Class Counsel shall be without force or effect if: (a) the Court does not give Final Approval to the Settlement Agreement and enter the Final Judgment contemplated by the Settlement Agreement, or (b) this Court's approval of the Settlement Agreement and/or entry of the Final Judgment are reversed on appeal.

5. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to the members of the Settlement

Class. This determination permitting notice to the Settlement Class is not a final finding that the Settlement Agreement is fair, reasonable and adequate, but simply a determination that there is probable cause to disseminate Class Notice to the Settlement Class Members and to hold a hearing on final approval of the proposed settlement.

6. Class Counsel may apply to the Court for an award of attorneys' fees and taxable court cost reimbursement covering all legal services provided to the Named Plaintiff and Settlement Class Members in connection with these claims and settlement of this litigation (the "Fee and Cost Application"). Class Counsel also may submit an application for Class Representative Incentive Awards, to be paid from the settlement fund. Class Counsel shall file their Fee and Cost Application and Class Representative Incentive Award application with the Court at least 21 days prior to the Fairness Hearing.

7. Pursuant to Rule 23(e)(1)(c) of the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1715(d), a hearing ("Fairness Hearing") shall be held on <u>Friday, October 13, 2006</u>, at <u>9:00 AM</u>, before the undersigned, at the United States Courthouse, 131 West High Street, Jefferson City, Missouri, for the purpose of finally determining whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the Final Judgment contemplated by the Settlement Agreement and, if so, what amount of attorneys' fees and reimbursement of costs should be awarded to Class Counsel and whether a Class Representative Incentive Award shall be awarded to the Named Plaintiff and the other Class Representatives set forth in the Settlement Agreement.

4

8. Approval is hereby given to the form of and the provisions for disseminating the Class Notice (containing the text indicated in Exhibits "C" and "D" of the Settlement Agreement) to Settlement Class Members. The Court finds that the Class Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Notice to the Settlement Class members shall be borne by Shelter Life Insurance Company ("Shelter").

9. Within forty-five (45) days after entry of this Order, Shelter shall deliver to the United States Postal Service for first-class mailing, postage prepaid, copies of the Class Notice (containing the text indicated in Exhibit "C" of the Settlement Agreement) addressed to each Settlement Class Member in Categories 1 and 2 (as identified in the Settlement Agreement). In the event a Class Notice provided to a Category 2 Policyholder is returned to Shelter as "undeliverable", "not at this address" or otherwise undelivered to such Settlement Class Member, Shelter will conduct a reasonable and diligent search for current contact information for such Category 2 Policyholder. In the event current contact information is located for such Category 2 Policyholders, Shelter will provide a second Notice to such Category 2 Policyholders using the current contact information.

Within forty-five (45) days after entry of this Order, and due to the unavailability of direct contact information, Shelter shall provide the summary Class Notice (containing the text indicated in Exhibit "D" of the Settlement Agreement) to Settlement Class Members in Categories 3 and 4 by publication. Such publication shall be in the newspaper USA Today, a newspaper of general circulation, and target specific regional editions where most of the Class Members reside, and include circulation to the states of Arkansas, Colorado, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, Oklahoma, and Tennessee. The summary Class Notice shall be published and distributed, with the final day of publication occurring no later than forty-five (45) days after Preliminary Approval. The summary Class Notice shall be inserted two to four (2 to 4) times, depending upon the geographic concentration of Settlement Class Members, in the following USA Today Regional Editions: Dallas, Denver, Kansas City, Nashville, New Orleans, and Saint Louis.

10. Consistent with the Certificate of Service filed by Shelter on April 21, 2006, the Court finds that notice was provided to the appropriate State and Federal officials pursuant to the requirements of 28 U.S.C. §1715(b).

11. Each potential Settlement Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to the address(es) specified in the Class Notice. Such Requests for Exclusion must be received at that address(es) on or before ninety (90) days after entry of this Order. To be effective, the Request for Exclusion must: (a) include the Settlement Class Member's full name, address, and

6

telephone number, (b) the name and caption of this lawsuit, (c) the Settlement Class Member's signature.  Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Settlement Agreement.

12. The Court Clerk shall tabulate Requests for Exclusion from prospective Settlement Class Members and shall report the names and addresses of such persons to this Court, Class Counsel and Shelter no less than seven (7) days before the Fairness Hearing.

13. Any member of the Settlement Class who intends to object to the fairness of the Settlement Agreement (including Class Counsel's Fee and Costs Application) must, no later than ninety (90) days after entry of this Order, file any such objection with the Court, and provide copies of the objection to:  Robert A. Horn or Joseph A. Kronawitter, HORN AYLWARD & BANDY, LLC, 2600 Grand, Ste. 500, Kansas City, Missouri 64108; and Anthony L. Martin or John J. Baroni, SANDBERG, PHOENIX & VON GONTARD, P.C., One City Centre, 515 N. Sixth Street, St. Louis, Missouri 63101.  Any objection to the Settlement Agreement must include:  (a) the objector's full name, address, and telephone number, and the policy number establishing inclusion within the Settlement Class, (b) a written statement of all grounds for the objection accompanied by any legal support for such objection, (c) copies of any papers, briefs, or other documents upon which the objection is based, (d) a list of all persons who will be called to testify in

7

support of the objection, (e) a statement whether the objector intends to appear at the Fairness Hearing, and (f) the signature of the objector, including those represented by counsel. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any member of the Settlement Class who does not file a timely written objection to the settlement and notice of his intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

14. The parties to this Litigation and to the Settlement Agreement shall file any memoranda or other material in support of final approval of the Settlement Agreement, including any response to timely and properly filed objections to the Settlement Agreement, no later than seven (7) days prior to the Fairness Hearing. Such material shall be served on Class Counsel, counsel for Shelter, and on any member of the Settlement Class (or their counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

15. Following the Fairness Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be approved and, if so, what amount of fees and taxable court costs should be awarded. If appropriate, the Court will issue a Final Judgment memorializing its decision.

16. Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval

proceedings shall be stayed.

17. After consideration of issues relating to comity and the complexity of this Litigation, the Court finds that simultaneous proceedings in other forums relating to the claims in this action would jeopardize this Court's ability to rule on the proposed Settlement Agreement, would substantially increase the cost of litigation, would create risk of conflicting results, would waste Court resources, and could prevent the Named Plaintiff and Settlement Class Members from benefitting from any negotiated settlement. Permitting another court to interfere with this Court's consideration or disposition of this case would seriously impair this Court's flexibility and authority to decide this case. The Court, therefore, finds that an order protecting its jurisdiction is necessary in aid of this Court's jurisdiction.

18. Accordingly, in order to protect its jurisdiction to consider the fairness of this Settlement Agreement, to certify, if appropriate, a Settlement Class, and to enter a Final Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing all litigation or further proceedings in any other state or federal court, tribunal, agency, or forum in any state or federal court other than this Court that seeks to address the parties' or the Settlement Class Members' rights and claims based upon, relating to, or arising out of the Cost of Insurance charges/assessments on Shelter's Flexible Premium Adjustable Life Insurance Policy.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
									NANETTE K. LAUGHREY
									United States District Judge

Dated: May 11, 2006
Jefferson City, Missouri