IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CRAIG MASSEY, on behalf of himself and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 05-4106-CV-NKL |
| v. ) ) | |
| SHELTER LIFE INSURANCE COMPANY, ) A Missouri Insurance Company ) ) | |
| Defendant. ) | |

## ORDER

On October 13, 2006, this matter came before the Court for a Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e). The Court has granted Final Approval of the Settlement Agreement, resolving the above action. On September 22, 2006, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the law firms of Horn Aylward & Bandy, LLC, Law Offices of Larry Sackey & Associates and Law Offices of Herbert Hafif, APC, appointed by this Court as Class Counsel upon preliminary approval of the Settlement [Doc. # 85], filed their Consent Motion for Attorney's Fees and Class Representative Awards [Doc. # 141] ("Fee Application") seeking a total award of $1,916,667.00 for attorneys' fees, and Class Representative Incentive Awards in the total amount of $8,000.00. Shelter Life Insurance Company ("Shelter") does not object to this Court granting the relief sought in the Fee Application. There were no objections to the Fee Application filed by any Class Member prior to the Fairness Hearing, and no objections to the Fee Application presented at the Fairness Hearing.

Having considered all papers submitted and oral argument presented in support of the Fee Application, the Court orders as follows:

1

Class Counsel achieved a favorable result that will give significant monetary benefit to the Class.  The Declarations of Class Counsel Robert Horn, Larry Sackey, Greg Hafif and Joseph Kronawitter establish that Class Counsel have spent significant and substantial time in furtherance of the claims of the Class and this Litigation, and skillfully represented the Class while opposed by a large and sophisticated company represented by experienced counsel.  In pursuing the Litigation, Class Counsel assumed a substantial amount of risk, with no guarantee of compensation or reimbursement.

In addition, Class Counsel have devoted significant time and efforts responding to Class Members who had questions regarding the Settlement, and Class Counsel will continue to devote significant time responding to Class Members and in monitoring Shelter's compliance with the Settlement Agreement and certifying final administration of the Settlement [Settlement Agreement, § 4.03].  Further, under the terms of the Settlement Agreement, Class Counsel will be reimbursed by Shelter for taxable court costs, but will not be reimbursed for the substantial litigation expenses incurred by Class Counsel in pursuing the claims of the Class Members during the Litigation.

Accordingly, the Court finds that Class Counsel's request for a percentage attorney fee of the Settlement Fund totaling $1,908,667.00, is fair, reasonable and warranted in light of the particular facts of this case.

In addition, the necessity of pursuing the Litigation placed a burden on the Class Representatives out of proportion to their individual stake in the Litigation.  The Class Representatives voluntarily assumed the responsibilities of bringing and prosecuting the Litigation on behalf of themselves and all others similarly situated, and devoted time and effort to keeping

themselves informed of the Litigation. In addition, the Class Representatives took substantial action to protect the Class Members' interests and the Class will benefit from those actions.

In light of the Class Representatives' efforts, the Court finds that the requested Incentive Awards in the total amount of $8,000 are fair, reasonable and warranted.

Accordingly, the Court grants Plaintiff's Consent Motion for Attorney Fees and Class Representative Awards [Doc. # 141] in part. Pursuant to this Order and the terms of the Settlement Agreement, Shelter shall direct payment to Class Counsel from the Settlement Fund in the total amount of $1,908,667.00 for attorneys' fees, and payment to the Class Representatives from the Settlement Fund as follows: $5,000.00 to Craig Massey; $1,000.00 to Tina Mellies; $1,000.00 to Jeannette Torrance, and $1,000.00 to Richard Torrance.

Taxable court costs awarded to Plaintiff. All payments to be made within 60 days after Final Approval.

IT IS SO ORDERED.

                                            S/ NANETTE K. LAUGHREY
                                            NANETTE K. LAUGHREY
                                            United States District Judge

Dated: October 17, 2006
Jefferson City, Missouri