IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CRAIG MASSEY, on behalf of himself and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 05-4106-CV-NKL |
| v. ) ) | |
| SHELTER LIFE INSURANCE COMPANY, ) A Missouri Insurance Company ) ) | |
| Defendant. ) | |

## FINAL ORDER AND JUDGMENT

On October 13, 2006, this matter came before the Court for a Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e). On May 11, 2006, the Court entered an Order [Doc. # 85] that preliminarily approved the proposed Settlement Agreement between the parties and specified the manner in which Shelter Life Insurance Company ("Shelter") was to provide Class Notice to the Settlement Class. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

Prior to entry of the preliminary approval Order, Shelter complied with the requirements of 28 USC § 1715(b) by serving the appropriate documents and other information on the appropriate State and Federal officials. The Court finds that there were no objections made to the Settlement Agreement from the appropriate State and Federal officials as provided for under 28 USC § 1715(b).

Following the dissemination of Class Notice, Settlement Class Members were given an opportunity to: (a) request exclusion from the Settlement Class; (b) object to the Settlement Agreement (including Class Counsel's request for fees and the Class Representatives'

Incentive Awards); (c) file a claim form (if necessary), or (d) take no action. The Court finds that no Settlement Class member objected to the Settlement Agreement as provided for in this Court's May 22, 2005 Order [Doc. # 85].

There were no objections raised at the October 13, 2006 Fairness Hearing. The Court finds that as required by 28 USC 1715(b), the Fairness Hearing was held more than 90 days after Shelter provided the requisite notices to the appropriate State and Federal officials, as well as more than 90 days after Class Notice was first provided.

Having read and fully considered the terms of the Settlement Agreement, and all submissions made in connection with it, and finding that there were no objections, the Court finds that the Settlement Agreement should be finally approved and the Litigation dismissed with prejudice as to all Settlement Class Members who have not timely excluded themselves from the Settlement Class, and without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class.

IT IS HEREBY ORDERED that:

1. The prior provisional certification of the Settlement Class is hereby confirmed for purposes of the Settlement Agreement approved by this Order. The Settlement Class is defined as:

> All past and present Policyholders, wherever they may be, of Shelter Life Insurance Company or its agents and subsidiaries, who purchased, or were actual and/or named beneficiaries who were actually paid an Option B death benefit, of a Shelter Life Insurance Company Flexible Premium Adjustable Life Insurance Policy purchased prior to and including December 31, 1991 and whose Cost of Insurance portion of their premium was increased on or after January 1, 1992. It shall further include all such

persons' spouses, representatives, heirs, administrators, executors, beneficiaries, conservators, and assigns, as applicable and with out limitation.

2. The Court hereby finds and concludes that Class Notice has been given to all Settlement Class Members known and reasonably identifiable in full satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

3. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(c), the Court hereby approves the terms of the Settlement Agreement as fair, reasonable, and adequate as it applies to the Settlement Class, and directs consummation of all its terms and provisions.

4. The Settlement Agreement shall be binding on Shelter and all Plaintiffs, including all members of the Settlement Class who have not been excluded pursuant to the Settlement Agreement.

5. The Court dismisses on the merits and with prejudice the Second Amended Complaint and all claims asserted therein. Upon Final Judgment, the Class Representatives and each Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, released, remised, acquitted, satisfied and discharged Shelter, including all individuals and entities to whom reference is made in Paragraph 1.01 and in Paragraph A of the Settlement Agreement, from any and all manner of action or actions, claims, contracts controversies, covenants, damages, debts, demands, executions, judgments, liability, liens, promises, reckonings, suits, sums of money and any equitable, legal and administrative relief, whether based on federal, state or local law, statute or ordinance, regulation, contract, common law, or any other source, including any claims relating to any of the foregoing, that have been or could have been raised in the Litigation, or before any court or any administrative or governmental body or agency (including any federal or state regulatory commission), tribunal,

arbitration panel or self-regulatory organization, on the basis of, connected with, arising out of, or related to, in whole or in part their purchase of a Shelter Life Insurance Company Flexible Premium Adjustable Life Insurance Policy which was subject to a COI rate increase between 1992 and 1998, and/or their dealings with Shelter Life Insurance Company related to the COI rate increase between 1992 and 1998, and all of the allegations in Plaintiffs' Second Amended Complaint [Doc. # 81] in this case, as well as all the allegations in the Missouri State Action and the Kansas State Action.

6. All members of the Settlement Class who did not duly request exclusion from the Settlement Class in the time and manner provided in the Class Notice are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Shelter or any of the other entities or persons who are to be discharged as noticed above in paragraph 5, based upon, relating to, or arising out of, any of the matters which are discharged and released pursuant to paragraph 5 hereof.

7. The Court dismisses without prejudice the claims of Settlement Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in the Settlement Agreement. Class Counsel are authorized to dismiss the Missouri and Kansas State Actions with prejudice as provided for in the Settlement Agreement.

8. If Final Judgment, as defined in the Settlement Agreement, does not occur for any reason whatsoever, or the Settlement Agreement becomes null and void pursuant to the terms of the Settlement Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

9. Without affecting the finality of the Final Order and Judgment in any way, the

4

Court reserves continuing and exclusive jurisdiction over the parties, including all members of the Settlement Class as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

10. The Clerk is directed to enter this Final Order and Judgment forthwith.

IT IS SO ORDERED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 19, 2006  
Jefferson City, Missouri